JOHN MANN *et al.*

*v.*

WILLIAM F. RUBY.

*Filed at Springfield March 28, 1882.*

1. FRAUDULENT CONVEYANCE—*without consideration, to delay creditors.* A colorable conveyance of real estate by a debtor to his brother, without any valuable consideration, made with the design of all concerned to delay and hinder the creditors of the grantor in the collection of their just demands, will be set aside on creditor's bill, and the land subjected to the payment of the complainant's judgment.

2. CREDITOR'S BILL—*by whom.* A creditor's bill is properly brought in the name of the judgment creditor, as the owner of the judgment. The statement of the indorser of the note upon which the judgment was recovered, in his testimony, that the suit was being "carried on for his benefit," does not prove that the money, when collected, is to go to him. The indorser might well have an interest in the prosecution of the suit, as, if the judgment was made out of the property of the judgment debtor, he would not be responsible as such indorser.

APPEAL from the Circuit Court of Vermilion county; the Hon. OLIVER L. DAVIS, Judge, presiding.

Messrs. MANN, CALHOUN & FRAZIER, for the appellants.

Mr. J. W. JONES, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was a creditor's bill, brought by William F. Ruby, against John James and Henry Mann, and was to subject the alleged interest of John Mann in the real estate described in the bill, the title to which was in James and Henry Mann, to the payment of a judgment at law in favor of complainant, and against John Mann.

The cause was heard in the circuit court on bill, answer and replication and proofs, and the court found that John Mann was the owner of one undivided third of the farm lands

described, and was also the owner of the town lots mentioned; that John Mann conveyed his interest in the property to James and Henry Mann without any valuable consideration, with a view to hinder and delay his creditors in the collection of their just demands against him; that the grantees received such deed with a design to aid him in such unlawful purpose, and decreed that unless the sum due complainant on his judgment was paid within a time fixed by the court, the property should be sold in the usual way of making such sales.

It is quite clear, from the evidence, the court found correctly. It appears defendants were brothers, and carried on the business or trade of painting, all working together as partners. Most of the contracts were taken in the name of John Mann, but the testimony is, the brothers were all alike interested in them. When real property was purchased it was most generally bought on joint account, and, for the convenience in making subsequent conveyances, the deeds were taken in the name of John Mann. Nearly all the trading in which the brothers were jointly interested seems to have been done by him. Without entering upon any analysis of the evidence, which has been fully considered, it is sufficient to say it is satisfactorily proven John Mann was the owner of the property, as the decree finds. It is equally clear the conveyance of the lands and the lots by John Mann to his brothers was colorable, and was made without any valuable consideration, and was done with a design on the part of all concerned to delay and hinder the creditors of the grantor in the collection of their just demands against him. It is unnecessary to point out what particular testimony establishes these important and controlling facts in the case. The whole evidence considered together makes that impression, and any other conclusion than that reached by the circuit court would be inconsistent with the testimony.

There is nothing in the point the bill was not brought in the name of the party in interest. It was brought in the

name of the judgment creditor, and the money, when col-
lected, will go to him, so far as can be known from anything
contained in this record. The indorser of the note in judg-
ment in the name of complainant, stated, in giving his tes-
timony, the suit was being "carried on for his benefit."
That, in one sense, was true. He was the indorser of the
note, and if the judgment was made out of the property of
the judgment debtor, he would not be responsible as such
indorser. It nowhere appears the money, when collected,
would go to him. The bill was properly brought in the name
of the judgment creditor.

No error appearing· in the record, the decree of the circuit
court will be affirmed.

*Decree affirmed.*